```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 WESTERN DISTRICT OF MISSOURI
                     ST. JOSEPH DIVISION

JOHN DEMBSKI and JOHNNA        )
DEMBSKI,                       )
                               )
          Plaintiffs,          )
                               )
     v.                        )  Case No. 06-6060-CV-SJ-REL
                               )
AMERICAN HONDA MOTOR COMPANY,  )
INC.,                          )
                               )
          Defendant.           )
```

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the court is plaintiffs' motion to remand on the ground that the state petition does not establish the requisite amount in controversy for federal jurisdiction. For the following reasons, plaintiffs' motion will be granted.

### I.    BACKGROUND

Plaintiffs allege in their petition that they purchased a Honda Odyssey on July 12, 2005, from John Chezik Honda for $30,490.04. The Odyssey had a three-year or 36,000-mile bumper-to-bumper warranty. Shortly after purchasing the vehicle, plaintiffs delivered the Odyssey to authorized dealers on at least seven occasions for defects, all which remain uncorrected.

On April 10, 2006, plaintiffs filed a petition in the Circuit Court of Platte County alleging breach of warranty

pursuant to the Magnuson-Moss Warranty Act, breach of

implied warrant pursuant to the Magnuson-Moss Warranty Act,

and breach of Missouri's "Lemon Law". Plaintiffs seek the

following relief:

1. Return of all monies paid, diminution in value of the vehicle, incurred and/or needed costs of repair, all incidental and consequential damages incurred, and satisfaction of all liens.

2. Replacement of plaintiffs' Odyssey with a comparable new motor vehicle.

3. All reasonable attorneys' fees, witness fees and all court costs and other fees incurred.

4. Such other and further relief that the court deems just and appropriate.

On May 25, 2006, defendant removed the case to federal

court. Defendant claims federal jurisdiction through 15

U.S.C. § 2310(d)(3) (the Magnuson-Moss Warranty Act) which

requires an amount in controversy of at least $50,000. In

its notice of removal, defendant states as follows:

8. The amount in controversy is more than the sum or value of $50,000.00, exclusive of interest and costs because Plaintiffs seek the recovery of the value of the vehicle, incidental and consequential damages, punitive damages, attorneys' fees and a similar vehicle from Defendant AHM.

On June 8, 2006, plaintiffs filed a motion to remand on

the ground that the amount in controversy is less than

$50,000. On June 27, 2006, defendant filed a response,

arguing that punitive damages and attorney's fees are
included in the amount in controversy.  On July 11, 2006,
plaintiffs filed a reply, arguing that they are not seeking
punitive damages and citing legal authority that under the
Magnuson-Moss Warranty Act, attorney's fees are not
considered in determining the amount in controversy.

## II. *AMOUNT IN CONTROVERSY*

Because this case was first filed in state court and
removed to federal court by American Honda Motor Company
(hereinafter referred to as "Honda"), Honda bears the burden
of establishing federal jurisdiction by a preponderance of
the evidence.  Altimore v. Mount Mercy College, 420 F.3d
763, 765 (8th Cir. 2005).  Any doubts about the propriety of
removal are resolved in favor of state court jurisdiction
and remand.  Transit Cas. Co. v. Certain Underwriters at
Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert.
denied, 522 U.S. 1075 (1998).

The Magnuson-Moss Warranty Act provides that "a
consumer who is damaged by the failure of a supplier,
warrantor, or service contractor to comply with any
obligation under this chapter, or under a written warranty,
implied warranty, or service contract, may bring suit for
damages and other legal and equitable relief."  15 U.S.C. §

3

2310(d)(1). The Act provides for federal district court jurisdiction of certain claims. See 15 U.S.C. § 2310(d)(1)(B). However, the jurisdiction of such claims is subject to an amount in controversy requirement. The applicable portion of the Act provides, "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B).

When the plaintiff fails to plead a specific amount of damages, the removing defendant, by a preponderance of the evidence, must prove that the amount in controversy meets the jurisdictional requirement. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). With jurisdiction premised on the Magnuson-Moss Warranty Act, Honda must show that the amount in controversy is at least $50,000. See 15 U.S.C. § 2310.

The formula for calculating damages in a Magnuson-Moss Warranty Act case is this: the price of a replacement vehicle, minus both the present value of the allegedly defective car and the value that the plaintiff received from the use of the allegedly defective car. Schimmer v. Jaguar

4

Cars, Inc., 384 F.3d 402, 406 (7th Cir. 2004); Gardynski-Leschuck v. Ford Motor Company, 142 F.3d 955, 957 (7th Cir. 1998); Millicevic v. Mercedes-Benz USA, LLC, 256 F. Supp. 2d 1168, 1179-80 (D. Nev. 2003).

Clearly, the amount to which plaintiffs would be entitled under this formula is woefully less than $50,000, as the purchase price of the vehicle was $30,490.04, and plaintiffs are only entitled to the difference between a new Odyssey and the value of the Odyssey plaintiffs would return to defendant upon judgment for them.

Defendant argues that plaintiffs, although not specifically asking for punitive damages in the petition, plead that defendant "acted intentionally, recklessly and exhibit[ed] wanton behavior", conduct for which punitive damages may be awarded under Missouri law. However, regardless of whether punitive damages may be used to calculate the amount in controversy (an issue I do not reach), plaintiffs, in their reply brief, explicitly state that they are not making claims for punitive damages.

Finally, defendant argues that attorney's fees should be included in calculating the amount in controversy. Defendant makes the following argument regarding attorney's fees:

5

In direct contradiction to Plaintiffs' claim, attorneys' fees are included in reaching the amount in controversy requirement. In fact in a case heavily relied on by Plaintiffs in their motion, <u>Gardynski-Leschuck v. Ford Motor Company</u>, 142 F.3d 955 (7th Cir. 1998), the court specifically stated, "Fee awards under the Magnuson-Moss Act are included in the judgment rather than costs," and count towards the amount in controversy.

However, defendant's quote of the <u>Gardynski-Leschuck</u> case is misleading, as the quotation listed by defendant is certainly not that court's holding on the issue. Below is a further quotation from that case:

Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages. Things are dicier when a statute calls for an award of fees as part of costs, for then the rule that "interests and costs" do not count toward the jurisdictional minimum would take over. Fee awards under the Magnuson-Moss Act are included in the judgment rather than costs, but as Gardynski-Leschuck seeks her remedy under Illinois law it is not clear whether the fees would be counted among the damages or among the costs. But the answer does not matter. According to Gardynski-Leschuck the $28,020 is how much this litigation has cost to date -- that is, it represents outlays or accruals after the complaint was filed. Yet jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant. <u>St. Paul Mercury Indemnity</u>, 303 U.S. at 289-90. . . .

Suppose that the day after Gardynski-Leschuck filed her complaint Ford has tendered $22,011.99 . . . in satisfaction of her demands. Gardynski-Leschuck could not have turned it down on the ground that Ford left out $28,020 in attorneys' fees, for those fees had not then been incurred. A plaintiff who receives everything she asks for in the complaint has no remaining dispute with the defendant, and in this case

6

"everything" was $22,011.99 plus any recoverable legal
expenses Gardynski-Leschuck had incurred already. . . .
Just the other day the Supreme Court held that legal
expenses yet to be incurred on the date a suit begins
do not create a "case or controversy" within the
meaning of Article III. <u>Steel Co. v. Citizens for a
Better Environment</u>, 523 U.S. 83 (1998). For the same
reason, legal expenses that lie in the future and can
be avoided by the defendant's prompt satisfaction of
the plaintiff's demand are not an amount "in
controversy" when the suit is filed.

<u>Gardynski-Leschuck v. Ford Motor Company</u>, 142 F.3d at 958-
959 (most citations omitted).

Therefore, it is clear that claims for attorney's fees
are not included in the amount-in-controversy calculation
for purposes of the Magnuson-Moss Warranty Act. <u>See</u> <u>also</u>
<u>Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.</u>, 149 Fed.
Appx. 775 at 2 n.1 (10th Cir. 2005), citing, <u>Boelens v.
Redman Homes, Inc.</u>, 748 F.2d 1058, 1069, 1071 (5th Cir.
1984).

### III. CONCLUSION

Based on all of the above, I find that the amount in
controversy is less than $50,000 and therefore there is no
federal jurisdiction for this case.

It is

ORDERED that plaintiff's motion to remand is granted.
It is further

7

ORDERED that the Clerk of Court for the Western
District of Missouri return this action to the Circuit Court
of Platte County, Missouri.


　　　　　　　　　　　　　　　　　 /s/ Robert E. Larsen
　　　　　　　　　　　　　　　　　ROBERT E. LARSEN
　　　　　　　　　　　　　　　　　United States Magistrate Judge

Kansas City, Missouri
August 10, 2006

Case 5:06-cv-06060-REL   Document 9   Filed 08/10/06   Page 8 of 8